IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LADERRIS EUGENE KERSH,** § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 4:24-CV-845-O |
| § | |
| **ERIC GUERRERO, DIRECTOR,** § | |
| **TDCJ-CID,** § | |
| § | |
| Respondent. § | |

## OPINION AND ORDER

Came on for consideration the petition of Laderris Eugene Kersh under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

### I.   BACKGROUND

Petitioner is serving a sentence of 48 years' imprisonment imposed May 5, 2022, following his conviction for sexual assault in Case No. 1654968D in the 371st District Court, Tarrant County, Texas. Petitioner appealed and the judgment was affirmed. *Kersh v. State*, No. 02-22-00088-CR, 2023 WL 3643235 (Tex. App.—Fort Worth May 25, 2023, pet. denied). On August 23, 2023, the Court of Criminal Appeals of Texas ("CCA") refused his petition for discretionary review. *Id*.; ECF No. 16-19. He did not file a state habeas application.

### II.   GROUNDS OF THE PETITION

Petitioner urges two grounds in support of his petition:

(1) The trial court erred in admitting testimony about a prior extraneous sexual assault to establish character. And,

(2) The appellate court erred in not reversing the trial court's ruling permitting another

witness to testify about an alleged prior sexual assault by Petitioner.

ECF No. 1 at 8.[1]

### III.    APPLICABLE LEGAL STANDARDS

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11

---

[1] The State does not argue that Petitioner failed to exhaust these grounds although it is clear that he presented only limited state-law issues on appeal. *See Kersh*, 2023 WL 3643235, at *2 ("Appellant specifically argues in both issues that the testimony should have been excluded under Rule 403 of the Texas Rules of Evidence.")

(5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   ANALYSIS

The state appellate court issued the last reasoned opinion addressing Petitioner's grounds for relief. Accordingly, the Court reviews that opinion to determine whether the denial of Petitioner's claims was contrary to, or an unreasonable application of, federal law. *Ylst v. Nunnamaker*, 501 U.S. 797, 803 (1991). The Fort Worth court thoroughly reviewed the evidence, the trial court's rulings, and applicable authorities and determined that the trial court did not err in allowing the evidence over Petitioner's objections. *Kersh*, 2023 WL 3643235. Petitioner disagrees. However, he has not met his burden of establishing error of a constitutional magnitude.[2] That is, he has not shown that all fairminded jurists would disagree with the correctness of the state court's ruling. *Harrington*, 562 U.S. at 101.

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

---

[2] In *Toombs v. State*, No. 02-23-00229-CR, 2024 WL 5126852 (Tex. App.—Houston [1st Dist.] Dec. 17, 2024, pet. ref'd), upon which Petitioner relies, the defendant's identity was at issue and the appellate court determined that the State's reliance on the doctrine of chances was misplaced. Here, Petitioner opened the door to the testimony.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **13th day** of **February, 2026**.

*[signature: Reed O'Connor]*
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**